The judgment is reversed and the cause remanded.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

**INGRAM et al. v. DOWLING.** (No. 10323.)

Court of Civil Appeals of Texas. Dallas. Nov. 24, 1928.

J. H. Randell, of Denison, for appellants.

JONES, C. J. This is an appeal from a judgment of the county court of Grayson county, in the sum of $59.40, and the foreclosure of a mortgage lien on an automobile of the value of $150. The facts are:

J. O. Ingram on July 28, 1927, executed in favor of appellee, Dowling, his promissory note in the principal sum of $66, and secured its payment by the execution of a chattel mortgage on a Chevrolet automobile. J. O. Ingram died intestate on the 20th day of November, 1927, survived by his wife and five minor children, appellants herein. At the time of his decease, his estate consisted of his community interest in the automobile in question and in the household and kitchen furniture used by the family; he owning no separate property. The mortgage on the automobile was duly executed, but was never filed for record. Mrs. Ingram did not join in the execution of the mortgage, and, while she knew that her husband had borrowed the money from appellee, did not know until after her husband's death that he had executed a mortgage on the car to secure its payment. There was no administration of the deceased's estate, and the trial court found that none was necessary. The market value of the automobile was $150, and the estate of J. O. Ingram was insolvent. The court entered judgment against appellants for the sum of $59.40, foreclosed the mortgage lien, awarded an order of sale, and directed that execution should issue. Appellee caused a writ of sequestration to issue when the suit was filed; the automobile was taken thereby from the possession of appellants, and not replevied.

Appellants filed a cross-action for damages for being wrongfully deprived of the use of the car under this writ of sequestration.

This cross-action is based on the theory that, under the statutes of Texas, the automobile was exempt to the family from forced sale, and passed to the wife and children, on the death of the husband, as exempt property free from the lien created by the chattel mortgage, for the reason of the insolvency of the estate, and that the wife did not join with the husband in the execution of the mortgage, and further for the additional reason that the mortgage was never placed of record, as required by law, and was therefore void as against the wife and children.

Under the law, as it existed prior to the adoption of the Legislature of the 1925 codification of the statutes, appellants' claim would be valid, because of the failure of the wife to join in the execution of the mortgage. This is evident from the terms of article 3420, Vernon's Ann. Civ. St. 1918 Supplement, which reads:

"No property upon which a lien or liens have been given by an unmarried person, or by the husband and wife acknowledged in a manner legally binding upon the wife, or upon which a vendors lien or other lien or liens existing at the date of acquisition of property exists, shall be set aside to the widow or children as exempted property or appropriated to make up allowances made in lieu of exempted property, or for the support of the widow or children, until the debts secured by such liens are first discharged, and provided that this article shall apply to all estates regardless of whether solvent or insolvent."

This statute, as amended by the legislative adoption of the work of the codifiers, is now article 3492, Vernon's Texas Statutes, and reads:

"No property upon which there is a valid subsisting lien or encumbrance, shall be set apart to the widow or children as exempt property, or appropriated to make up allowances made in lieu of exempt property, or for the support of the widow or children, until the debts secured by such liens are first discharged. This article applies to all estates whether solvent or insolvent."

■■ Under the terms of said article 3420, and other provisions of the statutes governing the estates of decedents, the wife and minor children of the deceased husband could have asserted a claim to the automobile as exempt property of his insolvent estate, superior to the lien created by the chattel mortgage executed alone by him. However, since the amendment of this article in 1925 by the codifiers, such claim cannot be maintained, and the court correctly ruled that the automobile was subject to the debt it secured by virtue of the chattel mortgage. Under the terms of article 3492, the fact that the surviving wife did not join in the execution of the mortgage does not affect the lien, the only question now being whether there was a valid and sub-

sisting lien at the time of the death of the husband. The mortgage created a valid lien as against the husband, though not placed of record, and, being a valid and subsisting lien as to him at the time of his death, the automobile cannot be claimed as exempt property by his widow and children, nor appropriated by them to make up allowances in lieu of exempt property, until the debt secured by this mortgage is discharged. Appellants do not belong to either class in whose favor a mortgage not filed for record is declared invalid. Article 5490, Rev. Statutes.

■ No personal judgment should have been rendered against appellants, for the reason that the estate was insolvent, and no property, other than the automobile, had come into their hands that could be subjected to the payment of this debt. The judgment should have provided for the establishment of the debt, the foreclosure of the mortgage lien on the automobile, and its sale to satisfy the debt, and should further provide that any excess which may exist, after the payment of the debt and court costs, should be paid over to appellants. It was also error to award execution against appellants.

It is the opinion of the court that the judgment should be reformed in the respects above stated, and, as reformed, should be affirmed.

Reformed and affirmed.